ARTHUR B. GLAESMAN v. MAUREEN A. MERCER.

243 N. W. 2d 328.

June 18, 1976—No. 45649.

*Earle T. Anderson, Jr.,* and *Wood R. Foster, Jr.,* for appellant.
*Richards, Montgomery, Cobb & Bassford, Greer E. Lockhart,* and *James B. Proman,* for respondent.

Heard before Peterson, Yetka, and Breunig, JJ., and considered and decided by the court en banc.

PER CURIAM.

Plaintiff pedestrian appeals from an order denying his post-trial motion for a new trial where a jury found that he alone was causally negligent when struck by an automobile driven by defendant while crossing at an intersection. The single issue raised by this appeal is whether the jury could reasonably find plaintiff 100-percent causally negligent and defendant not negligent. The trial court expressed the opinion that the jury's answers to the special verdict were "fairly justified by the evidence and were not unreasonable." We affirm.

Viewing the evidence most favorably to the verdict, the following statement of facts can be made. Defendant was proceeding east on Douglas Avenue, toward its intersection with Irving Avenue South in Minneapolis. Douglas Avenue is a through street protected by stop signs at all intersecting streets. Defendant was driving at a speed of 30 miles per hour in the dark and with her headlights on when an automobile suddenly pulled out in front of her from the south at the Irving intersection and turned west on Douglas. Defendant's attention was instantly directed to the dangerous and unlawful maneuver of that automobile. She immediately applied her brakes and slowed her automobile to 10 miles per hour, barely avoiding a collision. At the instant the other automobile turned onto Douglas, defendant had an opportunity for the first time to notice plaintiff in the east crosswalk immediately in her path. She continued to apply her brakes, swerved to miss him but did hit him with the left front

of her automobile. Defendant did not see plaintiff before entering the intersection because his dark clothes made him unobservable from a distance and defendant's view just before entering the intersection was obscured by the other automobile.

Plaintiff meanwhile had been standing on the northeast curb of the intersection and had the opportunity to see defendant's headlights for at least 2 blocks before the automobile entered the intersection. Plaintiff failed to notice these approaching headlights and proceeded to cross the intersection in reliance upon the movement of the automobile entering into the intersection from Irving Avenue. As he continued across the street, plaintiff still did not see or hear defendant's automobile until it was upon him and thus failed to move and avoid a collision.

The jury permissibly could find that the accident occurred as described and conclude that plaintiff was solely negligent in failing to maintain a proper lookout and in leaving the curb when he did. While it is true that a pedestrian in a crosswalk has the right-of-way at an intersection without traffic control signals, Minn. St. 169.21, subd. 2, also provides that "no pedestrian shall suddenly leave a curb or other place of safety and walk or run into the path of a vehicle which is so close that it is impossible for the driver to yield." The jury could well have determined that plaintiff forfeited any right-of-way in the crosswalk by walking out in front of defendant's automobile.

Plaintiff's reliance on Riley v. Lake, 295 Minn. 43, 203 N. W. 2d 331 (1972), is misplaced. Our decision in Riley was based on the conclusion that the plaintiff Riley must be found negligent as a matter of law for failing to yield the right-of-way to a plainly visible automobile approaching an uncontrolled intersection from the right because any other conclusion would permit evasion of the directional right-of-way statute by allowing a driver to ignore his duty to yield so long as he entered the intersection a fraction of a second before the driver on the right. We declined in Riley to compromise the protection intended by the directional right-of-way statute, but that holding is of no assistance to plain-

tiff in the instant case who forfeited any right-of-way in the crosswalk by negligently failing to see defendant and by walking in front of her automobile at a moment when she could not avoid the collision which resulted.

Affirmed.

Todd, Justice (concurring specially).

I concur in the result. A reasonable jury could conclude from the evidence presented, as this one did, that defendant was not negligent. The record does not contain sufficient evidence that defendant violated a statute or ordinance to compel a conclusion that she was negligent as a matter of law. If there had been sufficient evidence of such a statutory violation, our holding in Riley v. Lake, 295 Minn. 43, 203 N. W. 2d 331 (1972), would be controlling, and, as a matter of law, we could not permit the jury's apportionment of 100 percent of the causal negligence to plaintiff to stand.